UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| PRISCILLA ELLIS-ERKILLA §<br>    Plaintiff, §<br> §<br>v. §   Cause No.  6:20-CV-1039-ADA-JCM<br> §<br>CITIBANK, BB&T, JP MORGAN CHASE, §<br>and CAPITAL ONE, §<br> §<br>    Defendants. § | |

REPORT AND RECOMMENDATION OF
THE UNITED STATES MAGISTRATE JUDGE

**TO:   THE HONORABLE ALAN D ALBRIGHT,
         UNITED STATES DISTRICT JUDGE**

This Report and Recommendation is submitted to the Court pursuant to Fed. R. Civ. P. 12(b)(6). Before the Court is Defendant BB&T Bank's Motion to Dismiss Plaintiff's Complaint (ECF No. 5). For the following reasons, the Court **RECOMMENDS** Defendant's Motion be **GRANTED.**

### I.   BACKGROUND

The instant civil case arises from a criminal case in Florida. In August of 2015, a grand jury in the Middle District of Florida indicted the plaintiff on wire fraud and money laundering charges. *See United States of America v. Priscilla Ann Ellis*, 6:15-MJ-184, ECF No. 1 (indictment). Pursuant to the Florida indictment and arrest warrant, authorities in the Waco Division arrested the plaintiff. The undersigned then ordered her transported to the Tampa Division in accordance with Rule 5 of the Federal Code of Criminal Procedure. *Id*. at ECF No. 8 (order of removal). A Tampa Division jury convicted the plaintiff in October of 2016 and the court sentenced her to forty years of imprisonment.

1

During the criminal proceedings, the Florida court ordered the seizure of various bank accounts under the plaintiff's control. After the guilty verdict, that court issued a forfeiture order for $9,288,241.36 of those funds. Of particular relevance to the instant case, on July 28, 2017, the court ordered the forfeiture of $55,797.69 from the plaintiff's BB&T checking account. Def.'s Mot. at Ex. A. Now, years after her conviction, Plaintiff brings this action to challenge the federal seizure and forfeiture orders issued in the criminal case and to hold BB&T and several other banks liable for complying with those orders.

## II.   LEGAL STANDARD

To survive a 12(b)(6) motion, a plaintiff must state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S 662, 663 (2009). A claim is plausible on its face when the facts alleged allow the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Id*. While legal conclusions can provide a framework for the complaint, they must be supported by factual allegations. *Id*. at 664. Naked assertions devoid of further factual enhancement do not suffice; the pleading standard demands more than unadorned, the-defendant-unlawfully-harmed-me accusations. *Id*. at 556.

The complaint does not need detailed factual allegations but must provide the grounds of his entitlement to relief beyond mere conclusions. *Bell Atl. Corp v. Twombly*, 550, U.S. 544, 545 (2007). Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Id.* at 555. Allegations that are mere conclusions are not entitled to the assumption of truth. *Iqbal* at 664. Where the factual allegations do not permit the court to infer more than the mere possibility of misconduct, the complaint has not shown that the pleader is entitled to relief. *Id*. at 679.

## III.  DISCUSSION

**A. The Court should Grant Defendant's Motion because Plaintiff fails to state a cause of action.**

The Court should grant the Motion because BB&T did not harm Plaintiff when it complied with the seizure and forfeiture orders. Def.'s Mot. at Ex. A (forfeiture order). Plaintiff does not cite any authority to support her allegations that BB&T violated her rights by complying with a lawfully issued forfeiture order.

The thrust of Plaintiff's claim is that BB&T "unlawfully" removed funds from her checking account. Compl. at 1. Plaintiff alleges that "they should have NEVER removed petitioner's funds and turned them over to the United States Government and closed petitioner's accounts in Good Standing [sic] without evidence of a crime or taint." Compl. at 2. According to Plaintiff, BB&T violated her Fourth and Fourteenth Amendment due process rights by "utilizing an unlawfully barebones warrant" with "no affidavits of a crime." Compl. at 2. She further alleges, without support, that BB&T should be held jointly liable with the government for violating her Fourth, Fifth, and Fourteenth Amendment rights. Compl. at 8.

While the Court agrees that "THIS is America" and "there are processes of laws, rules and regulations to follow," Plaintiff stops short of identifying those laws or just how BB&T broke them. Compl. at 9. Plaintiff's allegation seems to be premised on her assumption that BB&T broke the law when it complied with the government's seizure and forfeiture orders in 2015. Def.'s Mot. at Ex. A. Beyond Plaintiff's naked accusation, however, she offers nothing to establish there was anything arguably unlawful about the seizure and forfeiture orders, or BB&T's compliance with them. Although Plaintiff repeatedly concludes that the warrant was

"barebones", "faulty" and "unlawful", she offers no evidence or legal authority to properly support her conclusion that the orders were in fact illegal. Compl. at 2, 5, and 1.

Plaintiff accuses BB&T of violating its fiduciary duties to her. Complaint p 13. It has long been established, however, in Texas that a typical arm's length relationship between a bank and client does not rise to the level of a fiduciary relationship. *Thigpen v. Locke*, 363 S.W.2d 247, 253 (Tex. 1962). In the event that she could establish such a duty, Plaintiff still cannot show that it would be violated by complying with the government's order.

Finally, Plaintiff broadly refers to "Texas Banking Codes" and "Constitutional Banking Laws" to conclude that BB&T should have given her notice of the forfeiture. Compl. at 3 and 7. These vague references to legal authority do not support her contention. Although Plaintiff makes sweeping references to a variety of legal authorities, she fails to establish that any apply in this case or entitle her to relief. Moreover, Plaintiff conflates the conduct of BB&T and the United States government and cannot point to a private cause of action against the bank.

**B. The Court should Grant Defendant's Motion because Plaintiff's allegations are mere conclusions.**

The Court should grant the Motion because the allegations amount to nothing more than conclusions. Although pro se complaints are construed liberally, a court is expected to exercise common sense in interpreting them. *Hooks v. Army & Air Force Exch. S*erv., 944, F Supp. 503, 505 (N.D. Tex. 1996). There is no duty on the part of the court to create a claim which a plaintiff has not spelled out in her pleading. *Minehan v. The United States,* 75 Fed. Cl. 249, 253 (2007). This leniency for pro se litigants only extends to formalities and does not excuse the complaint's failures. *Id*. Plaintiffs are still obligated to plead more than a formulaic recitation of the elements of a cause of action. *Iqbal* at 678. In the instant case, Plaintiff fails to identify the elements of any

4

cause of action, nor does she plead facts sufficient for the Court to infer any possibility of misconduct on the part of BB&T.

Plaintiff does not point to any harm suffered at the hands of Defendant. Plaintiff offers no support for her conclusion that the seizure and forfeiture orders were illegal or that BB&T had any reason to suspect as much. Plaintiff asserts that she has suffered as an "innocent victim" but neglects to mention that she was convicted of financial crimes related to the bank accounts and that she remains incarcerated pursuant to those convictions. Compl. at 4. Nor does she offer any suggestion that she successfully attacked that conviction. Plaintiff also fails to state a cause of action as to her bald allegations that BB&T breached its fiduciary duty to her. While she concludes that the bank violated its fiduciary duty, she fails to plead the nature of that duty. Compl. at 12–13. Ultimately, Plaintiff fails to allege any facts beyond conclusory "the defendant unlawfully harmed me" language denounced in *Iqbal*, and as such, she fails to state a claim. *Iqbal* at 678.

## IV. CONCLUSION

For the reasons outlined above, the undersigned **RECOMMENDS** that Defendant's Motion to Dismiss be **GRANTED**, and Plaintiff's complaint be **DISMISSED.**

SIGNED this 21st day of March 2022.

_____
JEFFREY C. MANSKE
UNITED STATES MAGISTRATE JUDGE

5