IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| PRISCILLA A. ELLIS-ERKKILA,<br>    *Plaintiff*<br><br>v.<br><br>CITIBANK, BB&T, KP MORGAN CHASE,<br>and CAPITAL ONE,<br>    *Defendants* | §<br>§<br>§<br>§    6:20-CV-01039-ADA<br>§<br>§<br>§<br>§ |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is the Report and Recommendation of United States Magistrate Judge Jeffrey C. Manske. ECF No. 67. The Report recommends that this Court grant Defendant BB&T Bank's Motion to Dismiss Plaintiff's Complaint. The Report was filed on March 21, 2022. Plaintiff Priscilla A. Ellis-Erkkila filed a response to Judge Manske's Report, which the Court construes as an objection. ECF No. 69.

A party may file specific, written objections to the proposed findings and recommendations of the magistrate judge within fourteen days after being served with a copy of the Report and Recommendation, thereby securing *de novo* review by the district court. 28 U.S.C. § 636(b). In this case, Plaintiff timely filed an objection to the Report and Recommendation on April 4, 2022. ECF No. 69. Considering Plaintiff's objection, the Court has undertaken a *de novo* review of the Report and Recommendation and the Motion to Dismiss. After thorough review of the motion, Plaintiff's objection, and the applicable law, the Court finds that Defendant's Motion to Dismiss should be granted.

This case arises from a criminal case in Florida. Plaintiff was convicted in the Middle District of Florida of wire fraud and money laundering. *See United States of America v. Priscilla Ann Ellis*, 6:15-MJ-184. The Florida court ordered the seizure of various bank accounts under

Plaintiff's control. The Court ordered the forfeiture of $55,797.69 from the plaintiff's BB&T checking account. ECF No. 5-1. Plaintiff brought this action to challenge that seizure and forfeiture order and seeks to hold BB&T liable for complying with it.

The Court finds that Plaintiff's Complaint should be dismissed. First, Defendant BB&T did not harm Plaintiff when it complied with the seizure and forfeiture orders. Plaintiff has not identified any statutory or case law that Defendant violated when complying with the court's order. Also, there was no fiduciary relationship between her and the bank. *Thigpen v. Locke*, 363 S.W.2d 247, 253 (Tex. 1962) (holding that a relationship between a client and a bank is not a fiduciary relationship). Second, Plaintiff's Complaint plainly fails to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S 662, 663 (2009). Even construing her Complaint liberally (as is required for pro-se plaintiffs), she asserts mere conclusions without pleading any facts sufficient to state a claim for relief. She does not identify a cause of action, and she does not plead facts that would allow this Court to infer wrongdoing by BB&T. Her Complaint is the exact type of language the *Iqbal* was concerned with, and accordingly warrants dismissal of her Complaint.

**IT IS THEREFORE ORDERED** that Plaintiff's objection to the Report and Recommendation is **OVERRULED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation of United States Magistrate Judge Manske, ECF No. 67, is **ACCEPTED AND ADOPTED**. The Defendant's Motion for to Dismiss, ECF No. 5, is **GRANTED**.

SIGNED this 27th day of June, 2022.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE