**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **PRISCILLA A. ELLIS-ERKKILA,** | § | |
| *Plaintiff,* | § | |
| | § | **W-20-CV-01039-ADA-DTG** |
| *v.* | § | |
| | § | |
| **CITIBANK, J.P. MORGAN CHASE,** | § | |
| **REGIONS BANK, CAPITAL ONE,** | § | |
| **UNITED STATES OF AMERICA** | § | |
| **FDIC,** | § | |
| *Defendants.* | | |

**REPORT AND RECOMMENDATION OF THE**
<u>**UNITED STATES MAGISTRATE JUDGE**</u>

**TO:   THE HONORABLE ALAN D ALBRIGHT,**
**UNITED STATES DISTRICT JUDGE**

This Report and Recommendation is submitted to the Court pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Rules 1(f) and 4(b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is Defendant JPMorgan Chase Bank, N.A.'s 12(b)(6) Motion to Dismiss (ECF No. 6) and Plaintiff's Motion to Oppose Dismissal (ECF No. 83). After careful consideration of the briefs and the applicable law, the Court **RECOMMENDS** that Defendant JPMorgan Chase Bank, N.A.'s 12(b)(b) Motion to Dismiss (ECF No. 6) be **GRANTED**.

## I.      FACTUAL BACKGROUND

This case arises from a criminal case in Florida. In August of 2015, a grand jury in the Middle District of Florida indicted Plaintiff on wire fraud and money laundering charges. *See United States of America v. Priscilla Ann Ellis*, 6:15-MJ-184, ECF No. 1 (indictment). Pursuant

to the Florida indictment and arrest warrant, authorities in the Waco Division arrested Plaintiff. This Court then ordered her transported to the Tampa Division in accordance with Rule 5 of the Federal Code of Criminal Procedure. *Id*. at ECF No. 8 (order of removal). A Tampa Division jury convicted Plaintiff in October of 2016 and the court sentenced her to forty years of imprisonment.

During the criminal proceedings, the Florida court ordered the seizure of various bank accounts under Plaintiff's control. After the guilty verdict, that court issued a warrant for $9,288,241.36 of those funds. Of particular relevance to this case, on July 28, 2017, the court issued a warrant for $227,568.45 from five checking accounts that Plaintiff had at Chase. Years after her conviction, Plaintiff brought this suit against Chase and several other banks seeking to hold them liable for complying with the Florida court order. ECF No. 1.

## II.    LEGAL STANDARD

Rule 12(b)(6) requires that a complaint contain sufficient factual matter, if accepted as true, to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To meet this factual plausibility standard, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," based on "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* However, in resolving a motion to dismiss for failure to state a claim, the question is "not whether [the plaintiff] will ultimately prevail, . . . but whether [the] complaint was sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011). "The court's

task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Iqbal*, 556 U.S. at 678).

### III.   DISCUSSION

**A. Plaintiff's claims are barred by the Deposit Agreements because the Deposit Agreements expressly authorize the complained-of conduct.**

Defendant Chase Bank asserts that the terms of the Deposit Agreements authorized Chase Bank to comply with the warrant at issue. ECF No. 6 at 4. The Court may consider the Deposit Agreements at the 12(b)(6) stage because Chase attached it to its Motion and it is "central to the claim and referenced by the complaint." *Lone Star Fund V (US), LP v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2000); ECF No. 1 at 1 ("Petitioner conducted business and bank accounts with the entities, Citibank, JP Morgan C[h]ase, Capital One, BB&T, Regions, all in Good standing and according to the Client/Banking relationship agreement signed by both parties at the opening of Deposit Bank accounts."). Plaintiff does not offer a direct response to the language of the Deposit Agreements. *See* ECF No. 83, ECF No. 88.

The crux of Plaintiff's complaint is that Chase complied with a warrant and disbursed the funds. Plaintiff ignores, however, that she authorized Chase to do so in the Deposit Agreements. The Deposit Agreements do not require Chase to investigate the validity of the warrant. ECF No. 6-1 at 22, 76 § I.8 ("We do not have to determine whether the legal process was validly issued or enforceable.") Plaintiff appears to complain about the validity and enforceability of the warrant. ECF No. 1. These complaints, however, are not properly directed at Chase. Plaintiff expressly authorized Chase to comply with the warrant, and she may not now maintain this suit against

Chase complaining of conduct that she specifically authorized in the Deposit Agreements. *See Woman's Hosp. Found, v. Nat'l Pub. Fin. Guar. Corp.*, 524 F. App'x 136, 138 (5th Cir. 2013).

The Deposit Agreement provides ample justification for dismissing all of Plaintiff's claims against Chase. As a result, the Court does not reach the remainder of Chase's arguments.

## IV.    RECOMMENDATION

For the above reasons, it is the **RECOMMENDATION** of the United States Magistrate Judge to the United States District Judge that Defendant JPMorgan Chase Bank, N.A.'s 12(b)(6) Motion to Dismiss (ECF No. 6) be **GRANTED** and Plaintiff's Motion to Oppose Dismissal (ECF No. 83) be **DENIED** to the extent it opposes dismissal of claims against Defendant JPMorgan Chase Bank, N.A.

## V.    OBJECTIONS

The parties may wish to file objections to this Report and Recommendation. Parties filing objections must specifically identify those findings or recommendations to which they object. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). Except upon grounds of plain error, failing to object shall further bar the party from appellate

review of unobjected-to proposed factual findings and legal conclusions accepted by the District

Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas*, 474 U.S. at 150–53; *Douglass*, 79 F.3d at 1415.

SIGNED this 1st day of May, 2023.

DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE