IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **PRISCILLA A. ELLIS-ERKKILA,** *Plaintiff,* | § § § § | |
| v. | § § § | W-20-CV-01039-ADA-DTG |
| **CITIBANK, J.P. MORGAN CHASE, REGIONS BANK, CAPITAL ONE, UNITED STATES OF AMERICA FDIC,** *Defendants.* | § § § § § | |

### REPORT AND RECOMMENDATION OF THE
### UNITED STATES MAGISTRATE JUDGE

**TO:**   THE HONORABLE ALAN D ALBRIGHT,
UNITED STATES DISTRICT JUDGE

This Report and Recommendation is submitted to the Court pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Rules 1(f) and 4(b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is Defendant Citibank's Motion to Dismiss (ECF No. 49) and Plaintiff's Motion to Oppose Dismissal (ECF No. 83). After careful consideration of the briefs and the applicable law, the Court **RECOMMENDS** that Defendant Citibank's Motion to Dismiss (ECF No. 49) be **GRANTED**.

### I.   FACTUAL BACKGROUND

This case arises from a criminal case in Florida. In August of 2015, a grand jury in the Middle District of Florida indicted Plaintiff on wire fraud and money laundering charges. *See United States of America v. Priscilla Ann Ellis*, 6:15-MJ-184, ECF No. 1 (indictment). Pursuant to the Florida indictment and arrest warrant, authorities in the Waco Division arrested Plaintiff. This Court then ordered her transported to the Tampa Division in accordance with Rule 5 of the Federal

Code of Criminal Procedure. *Id*. at ECF No. 8 (order of removal). A Tampa Division jury convicted Plaintiff in October of 2016 and the court sentenced her to forty years of imprisonment.

During the criminal proceedings, the Florida court ordered the seizure of various bank accounts under Plaintiff's control. Of particular relevance to this case, the Court issued a warrant for the contents of bank accounts Plaintiff had at Regions Bank. Years after her conviction, Plaintiff brought this suit against Citibank and several other banks seeking to hold them liable for complying with the warrants issued. ECF No. 1.

Almost a year after Plaintiff filed this lawsuit, she sent her Complaint via mail delivery addressed to "Citibank and Citibank CEO" at 8701 W. Sahara Ave., Las Vegas, Nevada 89117. On October 26, 2021, a concierge banker received the mail.

## II.   DISCUSSION

Citibank asserts that Plaintiff's claims against it should be dismissed because: (1) Plaintiff improperly served Citibank by mailing the summons and complaint to a concierge banker one year after filing her lawsuit; and (2) Plaintiff failed to plead facts to establish personal jurisdiction. Despite being given an additional opportunity to respond to Citibank's motion after she failed to respond within the required time, Plaintiff does not address these arguments in her "Motion to Oppose Dismissal." *See* ECF No. 80; ECF No. 83. Because Plaintiff fails to respond to these arguments, the Court will treat them as unopposed and therefore recommends that Plaintiff's claims against Citibank be dismissed.

## III.   RECOMMENDATION

For the above reasons, it is the **RECOMMENDATION** of the United States Magistrate Judge to the United States District Judge that Defendant Citibank's Motion to Dismiss (ECF No. 49) be **GRANTED**.

## IV. OBJECTIONS

The parties may wish to file objections to this Report and Recommendation. Parties filing objections must specifically identify those findings or recommendations to which they object. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). Except upon grounds of plain error, failing to object shall further bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas*, 474 U.S. at 150–53; *Douglass*, 79 F.3d at 1415.

SIGNED this 1st day of May, 2023.

DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE