IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **PRISCILLA A. ELLIS-ERKKILA,**<br>*Plaintiff,* | §§§§ | |
| v. | §§ | W-20-CV-01039-ADA-DTG |
| **CITIBANK,  J.P. MORGAN CHASE,**<br>**REGIONS BANK,  CAPITAL ONE,**<br>**UNITED STATES OF AMERICA**<br>**FDIC,**<br>        *Defendants.* | §§§§§ | |

REPORT AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>

TO:   THE HONORABLE ALAN D ALBRIGHT,
        UNITED STATES DISTRICT JUDGE

This Report and Recommendation is submitted to the Court pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Rules 1(f) and 4(b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is Defendant Regions Bank's Motion to Dismiss (ECF No. 48) and Plaintiff's Motion to Oppose Dismissal (ECF No. 83). After careful consideration of the briefs and the applicable law, the Court **RECOMMENDS** that Defendant Regions Bank's Motion to Dismiss (ECF No. 48) be **GRANTED**.

I.   FACTUAL BACKGROUND

This case arises from a criminal case in Florida. In August of 2015, a grand jury in the Middle District of Florida indicted Plaintiff on wire fraud and money laundering charges. *See United States of America v. Priscilla Ann Ellis*, 6:15-MJ-184, ECF No. 1 (indictment). Pursuant to the Florida indictment and arrest warrant, authorities in the Waco Division arrested Plaintiff. This Court then ordered her transported to the Tampa Division in accordance with Rule 5 of the Federal

1

Code of Criminal Procedure. *Id*. at ECF No. 8 (order of removal). A Tampa Division jury convicted Plaintiff in October of 2016 and the court sentenced her to forty years of imprisonment.

During the criminal proceedings, the Florida court ordered the seizure of various bank accounts under Plaintiff's control. Of particular relevance to this case, on August 31, 2015, the Court issued a warrant for the contents of two bank accounts Plaintiff's company, Vicken International Trading, LLC had at Regions Bank. Years after her conviction, Plaintiff brought this suit against Regions Bank and several other banks seeking to hold them liable for complying with the warrants issued. ECF No. 1.

## II.     LEGAL STANDARD

Rule 12(b)(6) requires that a complaint contain sufficient factual matter, if accepted as true, to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To meet this factual plausibility standard, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," based on "more than a sheer possibility that a defendant has acted unlawfully." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. However, in resolving a motion to dismiss for failure to state a claim, the question is "not whether [the plaintiff] will ultimately prevail, . . . but whether [the] complaint was sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011). "The court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Iqbal*, 556 U.S. at 678).

### III.   DISCUSSION

**A. Plaintiff's constitutional claims fail because Regions is not a state actor.**

Plaintiff asserts that Regions Bank violated her Due Process Rights under the Fifth and Fourteenth Amendments by surrendering the assets in the accounts to the government without notice to her or a hearing by which to determine her guilt. Plaintiff also alleges that Regions Bank violated her Fourth Amendment rights. However, the Court need not decide whether Regions Banks actions were a violation of due process or an unreasonable search because Plaintiff fails to allege that Regions Bank acted under the color of state authority. Therefore, the Court recommends the dismissal of Plaintiff's constitutional claims.

Section 1983 of Title 42 provides a remedy for deprivation of constitutional rights. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982). The deprivation of such rights must take place "under color of any statute, ordinance, regulation, custom, or usage of any State or Territory." 42 U.S.C. § 1983. The color of state law requirement excludes "merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982)). The Fourteenth Amendment contains a similar state action requirement and depends upon a private actor acting under color of state authority. *Id*. Furthermore, the Fifth Amendment only applies to violations of constitutional rights by the United States or another federal actor. *See Jones v. City of Jackson*, 203 F.3d 875, 880 (5th Cir. 2000). Fourth Amendment restrictions do not apply to a private party, even if that private party wrongfully conducts a search or seizure of another's property. *Walter v. United States*, 447 U.S. 649, 656 (1980).

A private party can act under color of state law in a few instances. *See Burton v. Wilmington Parking Authority*, 365 U.S. 715, 724 (1961). A private party acts under color of state authority by

performing a public function, which is a traditional and exclusive governmental responsibility. *See Marsh v. State of Alabama*, 326 U.S. 501, 508-09 (1945) (holding that a corporation-owned town functioned as a municipality and cannot deprive one of his or her First Amendment guarantees). Additionally, a private party acts under color of state authority when a government entity and the behavior of that private actor become so entangled and facilitate private conduct that would otherwise violate the Constitution. S*ee Burton*, 365 U.S. at 725 ("The State has so far insinuated itself into a position of interdependence with Eagle that it must be recognized as a joint participant in the challenged activity, which, on that account, cannot be considered to have been so 'purely private' as to fall without the scope of the Fourteenth Amendment.").

Regions Bank is a private actor. Plaintiff has not alleged that Regions Bank is a federal actor or performed a public function. Accordingly, the Court recommends dismissing Plaintiff's claims of constitutional violations because she fails to state a claim for the Court to grant relief.

**B. Plaintiff fails to state a claim under § 3.401 because the deposit agreement is a contract and not a negotiable instrument.**

Plaintiff contends that Regions Bank violated § 3.401 of the Texas Business and Commerce Code because "when a bank lacks a valid withdrawal signature, then no item for Client's account is payable" ECF No. 1 at 13. Plaintiff's allegation is inaccurate, however, because § 3.401 pertains to negotiable instruments and not contracts. *See* Tex. Bus. & Com. Code § 3.104.

Under Texas law, deposit agreements are contracts. *See Am. Airlines Employees Fed. Credit Union v. Martin*, 29 S.W.3d 86, 96 (Tex. 2000). A negotiable instrument, on the other hand, is not a contract but an unconditional promise or order to pay a fixed amount of money, with or without interest or other charges described in the promise or order. Tex. Bus. & Com.

4

Code § 3.104(a). Examples of negotiable instruments include checks and certificates of deposit. Tex. Bus. & Com. Code § 3.104.

Here, the deposit agreement merely governs the relationship between the bank and the account owners and does not promise to pay a fixed amount of money. *See Am. Airlines Employees Fed. Credit Union*, 29 S.W.3d at 96; App. Ex. D-1 at 022. The deposit agreement does not create an unconditional promise to pay a fixed amount. The deposit agreement, therefore, is a contract and not a negotiable instrument. The Court recommends the dismissal of Plaintiff's § 3.401 claim because she does not claim facts that warrant relief.

### C. Plaintiff's remaining claims are time-barred.

The applicable statute of limitations bars Plaintiff's claims for breach of contract, breach of fiduciary duty, and violation of Section 4.401 of the Texas UCC. The date of the legal injury for all of Plaintiff's claims is November 13, 2015, when the seizure occurred. Plaintiff did not file the Complaint until November 9, 2020, almost five years after the alleged injury had taken place. She fails to assert why the Court should toll the applicable statutes of limitations.

Federal courts apply state statutes of limitations for state causes of action. *Citigroup Inc. v. Federal Ins. Co.*, 649 F.3d 367, 373 (5th Cir. 2011). A defendant may raise the accrual of the statute of limitations as an affirmative defense that precludes recovery. *United Transp. Union v. Fla. Easy Coast Ry. Co.*, 586 F.2d 520, 527 (5th Cir. 1978). A party must expressly raise the statute of limitations defense; otherwise, the party waives the defense. *See* Tex. R. Civ. P. 94. When successfully asserted, the statute of limitations defense denies the right to recovery. *TMIRS Enters., Ltd. v. Godaddy.com, Inc.,* C.A. No. H-09-2858, 2010 WL 3063659, at *7 (S.D. Tex. Aug. 03, 2010).

The statute of limitations begins to run with the accrual of the cause of action. *Am. Star Energy & Minerals Corp. v. Stowers*, 457 S.W.3d 427, 430 (Tex. 2015). A cause of action accrues when a legal injury occurs. *Provident Life and Acc. Ins. Co. v. Knott*, 128 S.W.3d 211, 221 (Tex. 2003). A legal injury happens when a wrong produces an injury, or one party injures another, even if the injured party does not discover their injuries until after the statute of limitations accrues. *Id.* The plaintiff may plead and prove facts that suspend the running of the statute of limitations. *See KMPG Peat Marwick v. Harrison County Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999). On the other hand, if the plaintiff fails to make such pleadings, the statute of limitations begins to run on the date the legal injury occurred. *Id.*

The statute of limitations for Plaintiff's remaining claims has accrued. The statute of limitations for claims of breach contract and breach of fiduciary duty in Texas is four years. Tex. Civ. Prac. & Rem. Code § 16.004. The statute of limitations for a Chapter Four claim is three years. Tex. Bus. & Com. Code § 4.111. Considering that the legal injury occurred on November 13, 2015, almost five years before Plaintiff filed suit, and the latest statute of limitations is four years, the time for Plaintiff to bring her claims has already elapsed. Additionally, Plaintiff fails to plead any facts that would prevent the Court from suspending any statute of limitations accrual. Accordingly, the Court recommends the dismissal of Plaintiff's remaining claims and does not reach the merits of these claims.

## IV.  RECOMMENDATION

For the above reasons, it is the **RECOMMENDATION** of the United States Magistrate Judge to the United States District Judge that Defendant Regions Bank's Motion to Dismiss (ECF No. 48) be **GRANTED** and Plaintiff's Motion to Oppose Dismissal (ECF No. 83) be **DENIED** to the extent it opposes dismissal of claims against Defendant Regions Bank.

## V.  OBJECTIONS

The parties may wish to file objections to this Report and Recommendation. Parties filing objections must specifically identify those findings or recommendations to which they object. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). Except upon grounds of plain error, failing to object shall further bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas*, 474 U.S. at 150–53; *Douglass*, 79 F.3d at 1415.

SIGNED this 1st day of May, 2023.

DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE