## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | | |
|---|---|---|
| **PRISCILLA A. ELLIS-ERKKILA,** *Plaintiff,* | § § § § | |
| ***v.*** | § § | **W-20-CV-01039-ADA-DTG** |
| **CITIBANK,  J.P. MORGAN CHASE, BB&T BANK,  REGIONS BANK, CAPITAL ONE,  UNITED STATES OF AMERICA FDIC,** *Defendants.* | § § § § § | |

### REPORT AND RECOMMENDATION OF THE
### <u>UNITED STATES MAGISTRATE JUDGE</u>

**TO:   THE HONORABLE ALAN D ALBRIGHT,
         UNITED STATES DISTRICT JUDGE**

This Report and Recommendation is submitted to the Court pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P.  72(b), and Rules 1(f) and 4(b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is Plaintiff's Motion for Default Judgment against Citibank and Regions Bank. After careful consideration of the briefs, arguments of counsel, and the applicable law, the Court **RECOMMENDS** that Plaintiff's Motion be DENIED.

### I.    LEGAL STANDARD

Federal Rule of Civil Procedure 55 governs default judgment. Rule 55 sets out a three-step process by which a party obtains default judgment: (1) the defendant's default; (2) the entry of default; and (3) the entry of default judgment. *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). After the defendant defaults, the plaintiff must file a motion for entry of default and the clerk enters default. Fed. R. Civ. P. 55(a). Then, upon the plaintiff's motion, the Court may

enter a default judgment against the defendant. Fed. R. Civ. P. 55(b). Both Defendants have

defaulted and Plaintiff has obtained an entry of default. Therefore, the only remaining issue for

determination is whether a default judgment is warranted. Entry of default judgment is within the

Court's discretion. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). The Court will not

grant default judgment automatically, and must instead analyze whether Plaintiff's claims are well-

pled, whether plaintiff's claims are substantively meritorious and default judgment appears

appropriate, and whether the requested relief is proper.

## II.   DISCUSSION

Plaintiff has not requested that the Clerk enter default (*see* Fed. R. Civ. P. 55) and Defendants

Citibank and Regions Bank have appeared. Therefore, the Court finds that default judgment is not

appropriate.

## III.   RECOMMENDATION

For the above reasons, it is the **RECOMMENDATION** of the United States Magistrate

Judge to the United States District Judge that Plaintiff's Motion for Default Judgment against

Citibank and Regions Bank be **DENIED**.

## IV.   OBJECTIONS

The parties may wish to file objections to this Report and Recommendation. Parties filing

objections must specifically identify those findings or recommendations to which they object. The

District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S.*

*Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations

contained in this Report within fourteen (14) days after the party is served with a copy of the

Report shall bar that party from de novo review by the District Court of the proposed findings and

recommendations in the Report. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). Except upon grounds of plain error, failing to object shall further bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas*, 474 U.S. at 150–53; *Douglass*, 79 F.3d at 1415.

    SIGNED this 2nd day of May, 2023.

DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE